# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Brakhop,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-19-05078-PHX-DLR (CDB)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 24) regarding Petitioner Dale Brakhop's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R concludes that Petitioner's petition was not filed within the applicable statute of limitations, that he failed to establish that he is entitled to equitable tolling of the statute of limitations and that he did not assert his factual, rather than legal, innocence. The R&R recommends that the petition be denied.

Petitioner objected to the R&R (Doc. 32), Respondents filed a Reply (Doc. 34), and Petitioner filed a Sur-Reply (Doc. 35).[1] Additionally, Petitioner filed a motion to waive fees. (Doc. 31.) The Court has considered the objections and sur-reply and reviewed the

---

[1] Respondents moved to strike the sur-reply. (Doc. 36.) The Court denies the motion, considering the sur-reply to ensure "a complete picture of the issues in need of resolution." *Tounget v. Valley-Wide Recreation & Park Dist.*, No. EDCV 16-88 JGB (KKX), 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020). This moots Petitioner's motion to strike Respondents' motion to strike. (Doc. 37.)

Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**I. BACKGROUND**

After pleading guilty to one count of sexual conduct with a minor, one count of attempted sexual contact with a minor and one count of attempted sexual exploitation of a minor, Petitioner was sentenced to twenty years imprisonment and lifetime probation. Petitioner then brought a state Petition for Post-Conviction Relief ("PCR"). The state trial court summarily dismissed the petition. Petitioner's appeal of the trial court's dismissal of his PCR to the Arizona Court of Appeals, resulted in a decision affirming the trial court's dismissal. The Arizona Court of Appeals issued its mandate on October 11, 2017.

On March 5, 2018, Petitioner filed pro se motions requesting dismissal of the charges and for a change of judge pursuant to Rules 8.6 and 10.1 of the Arizona Rules of Criminal Procedure. These motions were denied by the trial court on April 16, 2018. On April 11, 2018, Petitioner sought a writ of mandamus with the Arizona Supreme Court. In an order entered September 7, 2018, the Arizona Supreme Court dismissed the motion for writ of mandamus. (Doc 10-1 at 226). The Arizona Supreme Court noted: "the superior court denied Mr. Brakhop's Rule 8.6 and Rule 10.1(a) motions and no proceedings are now pending. The motion also assumes, incorrectly, that this Court can conduct an 'investigation into the criminal acts committed by government officials.'" *Id.*

**II. OBJECTIONS**

Petitioner first objects to the R&R's finding that his petition is barred by the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The R&R correctly explained that pursuant to 28 U.S.C. § 2244(d)(1) "[t]he one-year statute of limitations on habeas petitions begins to run on 'the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* at § 2244(d)(1)(A). The limitations period is statutorily tolled during the time a 'properly filed' state action for post-conviction relief is pending in the state courts. *Id.* at § 2244(d)(2).

The R&R found that the statute of limitations began to run on October 12, 2017 and

expired on October 12, 2018.  Petitioner argues that the statute of limitations was tolled while his mandamus request was pending before the Arizona Supreme Court.  He argues that the R&R should have found that the limitations period began to run on September 7, 2018 and expired on September 7, 2019.

The R&R correctly found that statutory tolling did not apply during Petitioner's application for mandamus.  Statutory tolling is available only for properly filed applications for State post-conviction relief.  8 U.S.C. § 2244(d)(2).  Applications for post-conviction relief in Arizona are controlled by Arizona Rules of Criminal Procedure 32 and 33.  Petitioner's application for mandamus, did not relate to his dismissed petition for post-conviction relief and was not a petition filed pursuant to Rule 32 or 33.  Accordingly the R&R correctly calculated the limitations period.  Petitioner's first objection is overruled.

Petitioner next argues that the R&R erred in failing to apply equitable tolling.  To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) It is not enough that there was some difficulty in timely filing, to be entitled to equitable tolling a petitioner must show that "extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances **made it impossible** to file a petition." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (internal quotation marks omitted) (emphasis added.) Petitioner bears the burden of showing that equitable tolling is appropriate. *Espinoza-Mathews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

The R&R found that equitable tolling was not warranted because Petitioner did not establish that an extraordinary circumstance was the cause of his failure to meet the limitations deadline but that it was Petitioner's lack of diligence. Petitioner failed to show that he was diligent in the pursuit of his claims.  Petitioner "allowed almost a year to elapse from the date his last motion was resolved by the state courts on September 7, 2018 and the filing of his federal habeas petition on September 3, 2019." (Doc. 24, at 10.)

Petitioner suggests that his diligence is shown by the activities that were taking place

1 by the state bar in a state bar proceeding involving his lawyer in January through April, 2017. However, that proceeding was brought by another person and concerned the representation of someone other than Petitioner. That bar proceeding is not relevant to Petitioner's habeas action and waiting for the bar proceeding to conclude before acting on this habeas petition does not evidence diligence. In fact, it is evidence of a lack of diligence.

Petitioner argues that his mistaken understanding of the Court of Appeal's October 11, 2017, mandated state PCR judge "to 'commence' a Rule 32 proceeding" establishes an extraordinary circumstance. (Doc. 32 at 6.) He claims that "He relied upon the Court of Appeal's Mandate which was directed to Judge Sanders and ordered Judge Sanders to comply with the Memorandum Decision." *Id*.

Petitioner argues that he showed diligence by pursuing his right to post-conviction relief ("PCR") when he filed multiple requests for extension for the filing of his PCR petition, timely filed a reply to Respondents' response to his habeas petition, timely appealed the dismissal of his PCR petition, filed his Rule 8.6 and Rule 10.1 motions in the Superior Court, and filed his Rule 8.6 related and writ-of-mandus in the Arizona Supreme Court. (Doc. 32 at 3-7.) He argues that his diligence claim is established by his diligent effort to file his habeas petition after the mandamus action was denied. He claims his conclusion that AEDPA's statute of limitations was tolled while he pursued the mandamus action to the Arizona Supreme Court was "**reasonable**." *Id*. at 9 (emphasis added).

Petitioner's claim that he acted with diligence is based on his mistakes of law. His mistake that the judge, and not he, was responsible to commence the Rule 32 proceedings and his mistake that the statute of limitations was tolled during the pendency of the mandamus action because he thought it was a "reasonable" belief, do not establish that an extraordinary circumstance caused his untimeliness. They support the finding that his lack of diligence was the cause of his untimeliness. A mistake of law does not establish that an extraordinary circumstance was the cause of his untimeliness or that any extraordinary circumstance made it impossible to file a petition. *See, e.g.*, *Miranda v. Castro*, 292 F.3d

1063 (9th Cir.2002) (holding that attorney miscalculation of AEDPA limitations period did not merit equitable tolling).  The activities Petitioner claims he undertook because of his mistakes of law do not show diligence.  His mistakes of law do not merit equitable tolling.

Petitioner objects to the R&R for failing to address the question of extraordinary circumstances.  That is not a relevant objection.  The R&R did not base its decision on a finding that Petitioner lacked extraordinary circumstances.  It did not address extraordinary circumstance because Petitioner did not get past the requirement of showing that anything other than his lack of diligence was the cause of his failure to file within the limitations period.  Although the Court does not see from this record any basis for finding that Petitioner was faced with extraordinary circumstances, the R&R did not need to address the issue.

Petitioner's "objection" to the R&R's "Background" section is not an objection as defined by Rule 72(b)(2) of the Fed. R. Civ. P. It does not state a specific objection.  Rule 72(b)(2) requires an objection to be "specific."  A general objection to the "background" section does not comply with the requirement that any objection to an R&R be "specific."

**IT IS ORDERED** that Respondents' motion to strike (Doc. 36) Petitioner's sur-reply (Doc. 35) is **DENIED**.

**IT IS ORDERED** that Petitioner's motion to strike (Doc. 37) Respondents' motion to strike is **DENIED** as moot.

**IT IS ORDERED** that Petitioner's "Objection to the Report and Recommendation" (Doc. 32) is **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc.24) is **ACCEPTED**.

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS ORDERED** that Petitioner's Application to Proceed In Forma Pauperis (Doc. 31) is **DENIED**.

**IT IS ORDERED** that a Certificate of Appealability is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of

reason would not find the assessment of the constitutional claims herein, debatable, or wrong.

The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 9th day of February, 2022.

Douglas L. Rayes
United States District Judge